**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL SANDERS,

          Plaintiff,

v.

VICTORIA KUHN, et al.,

          Defendants.

Civil Action No. 24-8380 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice.

**I.   BACKGROUND**

    Plaintiff is a convicted state prisoner currently detained in South Woods State Prison. (ECF No. 1 at 2-3.) Plaintiff alleges that the prison has bright lighting on throughout the facility until 10-10:30 P.M., and then switches to dimmer lights for the night, which he alleges are dim but still

provide enough illumination to "read a book." (*Id.* at 8.) Plaintiff further alleges there are other lights which shine into his cell from outside during the night, and that there are also bathroom lights in the facility, and that these lighting sources have made it difficult for him to sleep. (*Id.*) Plaintiff believes night lighting is unnecessary because officers have flashlights which he believes are sufficient. (*Id.*) Based on these allegations, Plaintiff wishes to raise Eighth Amendment conditions of confinement claims against the prison administrator and the Commissioner of the New Jersey prison system. (*Id.* at 4.)

## II. <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

2

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Petitioner seeks to raise Eighth Amendment conditions of confinement claims against two high ranking prison officials based on the use of dim night lighting in his prison during sleeping hours. Although the Eighth Amendment forbids cruel and unusual punishment and therefore prohibits prison officials from subjecting inmates to inhumane conditions, it "does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To plead an Eighth Amendment claim based on unduly punitive conditions of confinement, a plaintiff must plead facts indicating that the defendants subjected him to "objectively, sufficiently serious" conditions which resulted in the "denial of the minimal civilized measure of life's necessities," and that the prison officials actions indicate that he was "deliberate[ly] indifferen[t] to [the

3

plaintiff's] health or safety" in imposing those conditions. *See Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834). Although an inmate could potentially state a claim for relief if he were subject to constant, day bright illumination such that sleep was impossible or prisoners could not discern day from night, the exposure of inmates to dim lighting throughout the night which does not lead to documented, serious medical effects is not "objectively serious enough to warrant inquiry under the Eighth Amendment" in light of prisons' interest in maintaining the safety and security of inmates and facilities during night hours. *Williams v. Superintendent Dallas SCI*, 599 F. App'x 421, 422-23 (3d Cir. 2015); *see also Sims v. Piazza*, 462 F. App'x 228, 232-33 (3d Cir. 2012); *Chavarria v. Stacks*, 102 F. App'x 433, 436-37 (5th Cir. 2004); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987). As Plaintiff admits in his complaint that the lights dim during the night time, and he does not allege any documented serious medical issues as a result of the dimmer night time illumination, his complaint fails to state a sufficiently serious deprivation to support a claim under the Eighth Amendment, and his complaint must be dismissed without prejudice at this time.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4